# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| WESLEY B., JR.,<br><br>      Plaintiff(s),<br><br>v.<br><br>SOCIAL SECURITY INCOME ADMIN,<br><br>      Defendant(s). | Case No. 2:24-cv-00095-NJK<br><br>**Order** |

Plaintiff is in the custody of the Clark County Detention Center, and the Court has separately granted his request to proceed *in forma pauperis*.

When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint. *See* 28 U.S.C. § 1915(e). A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

With respect to social security appeals specifically, judges in this District have outlined some basic requirements for complaints to satisfy the Court's screening. First, the complaint must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within 60 days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must identify the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*,

*Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).[1] When a plaintiff is proceeding *pro se*, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's complaint in this case suffers from several deficiencies. First, the complaint is not signed. Docket No. 3-1 at 6. A complaint must be signed by the plaintiff. *See, e.g.*, Fed. R. Civ. P. 11(a).

Second, Plaintiff's complaint has not stated a colorable claim for relief, even liberally construed. Although the complaint alleges that Plaintiff was denied social security benefits, it does not allege that he exhausted all of his administrative remedies, including seeking relief from the Social Security Appeals Council. Moreover and significantly, the complaint does not allege the date on which a final decision was rendered to deny social security benefits. Such a shortcoming is particularly pronounced given that the complaint appears to suggest that the administrative proceedings may have concluded in 2018, *see* Docket No. 3-1 at 3, 4, so it would seem that the civil action was not commenced within 60 days after notice of a final decision (if one was made).

Accordingly, Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **June 13, 2024**, to file an amended complaint, if Plaintiff believes the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. <u>The amended complaint must also be signed</u>.

---

[1] New rules govern social security cases, which provide in pertinent part that the plaintiff "may" provide a short and plain statement of the grounds for relief. Supp. R. Soc. Sec. 2(b)(2). In the context of an *in forma pauperis* screening, however, a social security plaintiff must still provide a sufficient explanation as to her contentions on appeal. *Jalal H. v. Comm'r of Soc. Sec.*, 2023 WL 35218, at *2 (S.D. Cal. Jan. 4, 2023).

1     **Failure to comply with this order may result in dismissal.**

2     IT IS SO ORDERED.

3     Dated: May 13, 2024

4

                                                           _____
                                                           Nancy J. Koppe
                                                           United States Magistrate Judge