# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WESLEY B., JR.,<br><br>      Plaintiff(s),<br><br>v.<br><br>SOCIAL SECURITY INCOME ADMIN,<br><br>      Defendant(s). | Case No. 2:24-cv-00095-NJK<br><br>**Order** |

      This case was initiated by Plaintiff, who is an inmate in the custody of the Clark County Detention Center. On May 13, 2024, the Court screened Plaintiff's complaint under the rubric that applies to social security disability appeals. Docket No. 15 at 1-2. The Court construed Plaintiff's complaint as bringing a disability-related claim because that pleading alleged that Plaintiff suffers from disabling mental health conditions but that the conditions were not accepted as constituting a disability. *See, e.g.*, Docket No. 1-1 at 2-3. The Court found that the complaint failed to state a claim as so construed. Docket No. 15.

      Plaintiff has now filed an amended complaint that continues to note Plaintiff's mental health conditions, but that appears to potentially relate to a denial of retirement-related benefits, as opposed to disability-related benefits. *See* Docket No. 16 at 3.

      While the Court is mindful of the need to construe liberally the filings of *pro se* prisoners, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), the Court must also be able to discern the contours of the claim being brought, *see* Fed. R. Civ. P. 8(a); *see also Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014) (applying Rule 8 to pleading of *pro se* litigant). A clear understanding of the claim being brought in this case is heightened by the existence of statutory provisions that might impact the ability of Plaintiff to collect benefits. *See* 42 U.S.C. § 402(x) (identifying various persons who cannot collect monthly

benefits, including, *inter alia*, inmates convicted of a criminal offense, those confined as incompetent to stand trial, those institutionalized as a sexually dangerous person, and those who have violated a condition of probation or parole). Unfortunately, the Court simply cannot discern the contours of the claim that Plaintiff seeks to bring.

In light of the circumstances, Plaintiff's amended complaint is hereby **DISMISSED** without prejudice. Plaintiff will be afforded another opportunity to amend the complaint. Any further amended complaint must clearly identify the benefit that was denied, the ground(s) on which that benefit was denied, the pertinent dates and administrative proceedings, and the claim that Plaintiff is seeking to bring now. A second amended complaint must be filed by <u>July 25, 2024</u>.[1] **Failure to file a second amended complaint may result in dismissal of this case**.[2]

IT IS SO ORDERED.

Dated: June 24, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint or the amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, a second amended complaint supersedes the earlier complaints. Local Rule 15-1(a) requires that a second amended complaint be complete in and of itself without reference to any prior pleading. Once a plaintiff files a second amended complaint, the earlier complaints no longer serve any function in the case. Therefore, in a second amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

[2] The Court notes that counsel for the Commissioner filed a notice of appearance. Docket No. 6. The Court is also mindful that the Commissioner may be in possession of information beyond that available to the Court. Although not required to do so, nothing herein prevents the Commissioner from filing a response to any second amended complaint if doing so would advance the just, speedy, and inexpensive resolution of this case. *See* Fed. R. Civ. P. 1.